IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

INSOMNIA, INC., et al.

    Plaintiffs,

v.                                                                  No. 05-2695

CITY OF MEMPHIS, et al.,

    Defendants.
_____

ORDER GRANTING MOTIONS TO DISMISS OF DEFENDANTS CITY OF MEMPHIS
AND SHELBY COUNTY, TENNESSEE
_____

The Plaintiffs, Insomnia Inc., Steve Cooper, and Nick Fergis ("Insomnia"), brought the instant action against the Defendants, City of Memphis, Shelby County, and Memphis and Shelby County Land Use Control Board ("LUCB"), alleging that they violated the Plaintiffs' First and Fourteenth Amendment rights. Before the Court are the motions to dismiss the Plaintiffs' complaint for failure to state a claim by Defendants City of Memphis and Shelby County. See Fed. R. Civ. P. 12(b)(6). The Plaintiffs have responded, and this motion is now appropriate for disposition. For the reasons set forth below, the Defendants' motions to dismiss are GRANTED.

FACTS

The Plaintiffs have alleged the following in their complaint. Plaintiff Insomnia owns "two contiguous parcels of land" in Memphis comprising approximately eight acres. (Compl. ¶ 8). The property is zoned for light and heavy industrial use. Id. Wanting to subdivide the property into three parcels for use as a restaurant, nightclub, and billboard, respectively, Insomnia submitted an application in March 2005 to the City of Memphis and Shelby County Office of Planning and

Development ("OPD").  (Compl. ¶ 9-10).  OPD considered Insomnia's application and recommended its approval, "subject to certain conditions and modifications" under which Insomnia agreed to comply.  (Compl. ¶ 11).

On March 10, 2005, LUCB conducted a hearing to consider Insomnia's application.[1] (Compl. ¶ 13).  At the hearing, residents living in close proximity to the land and others objected to Insomnia's planned subdivision and development because they feared the property "could be used for an adult entertainment business . . . ."  (Compl. ¶14).  The residents' concern was based on the fact that one of Insomnia's owners "has interests in the adult entertainment industry in Memphis and elsewhere."  Id.  LUCB thereafter "denied a motion[2] to approve the proposal as recommended by the staff of the OPD.  Another motion[3] was made, seconded and passed by the LUCB that required Insomnia to resubmit its application as a planned development, so that the uses to which the property could be put could be more closely regulated."  (Compl. ¶ 15).  Id.

According to the Plaintiffs, the LUCB rejected Insomnia's proposal, at least in part, based upon its hostility to the involvement of one of Insomnia's owners in the adult entertainment business and fear that Insomnia would use the property "to present adult entertainment."  (Compl. ¶ 16). "Insomnia appealed [the LUCB] decision to the Memphis City Council.  On June 21, 2005, the City

---

[1]Pursuant to local ordinance, LUCB must approve any request for a subdivision of real property, notwithstanding the action of OPD. (Compl. ¶ 12); see C. of Shelby County, Tenn., Appendix B (Subdivisions), § 301.4(E).

[2]The Plaintiffs have failed to provide any information or allegation concerning the identity of the person who moved the LUCB to approve the application as submitted.

[3]Once again, the Plaintiffs failed to identify who made this motion.

Council rejected the appeal."[4] (Compl. ¶ 17). The Plaintiffs claim that the Memphis City Council also based its decision on its hostility to the adult entertainment business and those involved therein. (Compl. ¶ 18).

Based upon these events, Plaintiffs filed suit in this Court, alleging that the Defendants' actions violated the First Amendment to the United States Constitution as made applicable to the states and their subdivisions through the Fourteenth Amendment. Plaintiffs further claim that the decisions by the Defendants violated the Equal Protection and Due Process Clauses of the Fourteenth Amendment, for which they seek declaratory and injunctive relief, compensatory damages of one million dollars, costs, and attorneys' fees.

## STANDARD OF REVIEW

Rule 12(b)(6) permits dismissal of a lawsuit for failure to state a claim upon which relief could be granted. See Fed. R. Civ. P. 12(b)(6). The Rule requires the Court to "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998). "The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47 (1957). However, "[t]o avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim." Wittstock v. Mark A. Van Sile, Inc., 330 F.3d 899, 902 (6th Cir. 2003).

---

[4]The Plaintiffs also fail to provide any information concerning which decision by the LUCB was appealed.

## ANALYSIS

The Defendants contend, inter alia, that the Plaintiffs' claims should be dismissed because they are not ripe for judicial review. They submit that because the LUCB merely directed Insomnia to "resubmit its application as a planned development," it had not issued a final ruling denying the Plaintiffs' submission and that therefore, the Plaintiffs' claims were not ripe.

Insomnia insists that their claims are appropriate for adjudication. The Plaintiffs cite Perry v. Sindermann, 408 U.S. 593, 92 S. Ct. 2694 (1972), for the proposition that a "government cannot deny a benefit, even a benefit to which there is no constitutional entitlement, for an unconstitutional reason." (Pls.' Resp. to Def. Shelby County's Mot. to Dismiss at 6). They contend that Defendants' conduct is especially egregious where the denial of benefits is based upon governmental hostility toward an individual's First Amendment freedoms. The Plaintiffs also argue that they are not required to exhaust state administrative remedies before proceeding under 42 U.S.C. § 1983.

The ripeness doctrine exists "to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 580, 105 S. Ct. 3325, 3332 (1985) (quoting Abbott Labs. v. Gardner, 387 U.S. 136, 148, 87 S. Ct. 1507, 1515 (1967)). Generally, a case is not "ripe" for adjudication unless a threatened or actual injury exists. See Warth v. Sedlin, 422 U.S. 490, 499, 95 S. Ct. 2197 (1975) see also Brown v. Ferro Corp., 763 F.2d 798, 801 (6th Cir. 1985) ("The ripeness doctrine not only depends on the finding of a case or controversy and hence jurisdiction under Article III, but it also requires that the court exercise its discretion to determine if judicial resolution would be desirable under all of the circumstances."). In essence, ripeness is "a question of timing." Union Carbide Agric. Prods. Co., 473 U.S. at 580, 105 S. Ct. at 3332.

This Court must consider three factors in assessing the ripeness of the Plaintiffs' claims: (1) "the likelihood that the harm alleged by plaintiffs will ever come to pass;" (2) "whether the factual record of this case is sufficiently developed to produce a fair and complete hearing as to the prospective claims;" and (3) "the hardship that refusing to consider . . . [the] claims would impose upon the parties." United Steelworkers of Am., Local 2116 v. Cyclops Corp., 860 F.2d 189, 194-95 (6th Cir. 1988).

In cases involving state restrictions on the use of property, the federal courts have long held that the local governmental entity must reach "a final decision regarding the application of the regulations to the property at issue" before a federal challenge to the regulation becomes ripe. See, e.g., Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 186, 105 S. Ct. 3108, 3116 (1985) (emphasis added). In other words, in order for a case to be ripe for judicial review in the context of land use there must exist "a final and authoritative determination of the type and intensity of development legally permitted on the subject property." MacDonald, Sommer & Frates v. Yolo County, 477 U.S. 340, 348, 106 S. Ct. 2561, 2565 (1986). The ripeness inquiry is therefore "concerned with whether the initial decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury." Williamson County Reg'l Planning Comm'n, 473 U.S. at 193, 105 S. Ct. at 3120.

The Plaintiffs rely on Dougherty v. Town of North Hempstead Board of Zoning Appeals, 282 F.3d 83 (2d Cir. 2002), for the proposition that their case became ripe for adjudication the instant the application was denied. In Dougherty, shortly after purchasing a "cooperative unit," the plaintiff "began renovating and replacing portions of his bungalow unit." 282 F.3d at 86. Thereafter, the defendant issued the plaintiff a cease and desist order, prompting the plaintiff to apply for a permit.

5

Id. Dougherty's permit was denied by the "Town Building Department," and he appealed to the defendant. Id. After a hearing, the Board of Zoning Appeals required the plaintiff to submit a "Draft Environmental Impact Statement." Id. The plaintiff then filed a claim in the New York state court "challenging the Board's determination." Id. The plaintiff's lawsuit resulted in a remand of the defendant's decision whereupon "the Board held a hearing-pursuant to the state court remand . . .-to determine whether Dougherty's alterations violated [the building code]." Id. The defendant "upheld the denial of a permit based upon Dougherty's admitted violation of [the building code]. The Board nevertheless noted that, 'should [Dougherty] be so advised, [he] should seek [variance] relief from this Board.'" Id at 87.

The plaintiff filed an action in federal district court following the defendant's refusal to issue him a permit, claiming the Board of Zoning Appeals violated his rights to equal protection and substantive and procedural due process. Id. Thereafter, the Board of Zoning Appeals moved to dismiss the complaint on ripeness grounds. Id. In the interim, "the Town Building Department nevertheless granted Dougherty's second application and issued a permit enabling him to proceed with his renovations." Id. However, Dougherty claimed that after the Town of North Hempstead received his response in opposition to its motion to dismiss, the Town revoked his permit "stating that it had been issued 'in error.'" Id. The plaintiff then moved to amend his complaint to add a claim, "alleging that the Board revoked his permit in retaliation for his continued pursuit" of his federal court action. Id. The district court found Dougherty's claims were not ripe for review and on that basis also denied his motion to amend. Id. at 87.

On appeal, the Second Circuit initially determined that the question before it was "whether the ripeness test announced in Williamson applies to [the plaintiff's] equal protection and due

6

process claims." Id. at 88. The court stated that "[t]he ripeness requirement of Williamson, although announced in a takings context, has been extended to equal protection and due process claims asserted in the context of land use challenges." Id. (citing Southview Assocs., Ltd. v. Bongartz, 980 F.2d 84, 96-97 (2d Cir. 1992)); see also Arnett v. Myers, 281 F.3d 552, 561 (6th Cir. 2002) (analyzing procedural due process and equal protection claims under the Williamson ripeness doctrine).

After concluding that Williamson applied to the plaintiff's equal protection and due process claims, the court addressed whether the district court properly denied the plaintiff's motion to amend his complaint to add a First Amendment claim. Id. at 89. The court noted that "in the First Amendment context, the ripeness doctrine is somewhat relaxed. . . . Indeed, one of the leading authorities on this subject states, 'First Amendment rights of free expression and association are particularly apt to be found ripe for immediate protection, because of the fear of irretrievable loss.'" Id. at 90 (citing 13A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3532.3 (1984)). The court then determined that the plaintiff's First Amendment claim was appropriate for resolution because the "alleged retaliatory revocation of Dougherty's permit gave rise to a claim ripe for adjudication." Id. at 91.

The Plaintiffs misapprehend the applicability of Dougherty to the facts of their case. In Dougherty, the court concluded the plaintiff's First Amendment claim was ripe because he alleged the defendant retaliated against him by revoking his permit. Here, however, the Plaintiffs were simply seeking approval for their development plans, which have not yet received a final authorization to move forward or a final denial.

The Court finds that the Plaintiffs have not yet suffered an injury. Indeed, the record reflects

that although the LUCB failed to approve the Plaintiffs' application as submitted, it did not deny the Plaintiffs' desired property development. Rather, the LUCB instructed the Plaintiffs to resubmit their planned development in more specific detail. Instead of complying with the LUCB requirement, Plaintiffs appealed the LUCB ruling to the Memphis City Council, and upon being denied in that forum, brought this action. Because the LUCB has neither considered nor denied the Plaintiffs' resubmitted plan, their claims are not ripe for adjudication. See Union Carbide Agric. Prods. Co., 473 U.S. at 580, 105 S. Ct. at 3332 (holding that the question of whether a claim is ripe is often one of timing). Even though the Plaintiffs do not have to exhaust state administrative remedies prior to bringing a section 1983 claim for a First Amendment violation, Dougherty, 282 F.3d at 90, they must still suffer a discrete injury, which they have not shown yet to exist in this case, Warth, 422 U.S. at 499, 21 S. Ct. 2197. Accordingly, the Defendants' motions to dismiss are GRANTED.

      IT IS SO ORDERED this 19th day of December, 2006.

                                    s/ J. DANIEL BREEN
                                    UNITED STATES DISTRICT JUDGE